## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **S.H.-1, S.H.-2, K.H., and S.R.**

**No. 17-1004** (Wood County 16-JA-193, 194, 195, and 197)

**FILED**

**April 9, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother S.J., by counsel Eric K. Powell, appeals the Circuit Court of Wood County's October 11, 2017, order terminating her parental rights to S.H.-1, S.H.-2, K.H., and S.R.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Mindy M. Parsley, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Debra L. Steed, filed a response on behalf of the children also in support of the circuit court's order. Petitioner filed a reply. On appeal, petitioner argues that the circuit court erred in (1) adjudicating her as an abusing parent with regard to S.R., (2) terminating her parental rights to S.R. without considering his wishes, and (3) terminating her parental rights to the other children based upon insufficient evidence.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In November of 2016, the DHHR filed an abuse and neglect petition against the parents after learning that the father allowed S.H.-1, S.H.-2, and K.H. to stay with petitioner on weekends, despite knowing that her custodial rights to the children had been involuntarily terminated during abuse and neglect proceedings in 2012. Petitioner was a party to prior abuse and neglect proceedings in 2007 and 2012 due to instances of domestic violence, failure to protect the children, and substance abuse. Petitioner's custodial rights were terminated in 2012 after she failed to follow through with a family case plan, continued to engage in domestic violence, and abused drugs throughout her improvement period. The DHHR further alleged that the father dropped the children off at petitioner's house in October of 2016 and had not returned

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990). Additionally, because two of the children share the same initials, we will refer to them as S.H.-1 and S.H.-2, respectively, throughout this memorandum decision.

1

for them. In November of 2016, petitioner filed a domestic violence protective order against the father after he threatened to shoot her, S.H.-1, SH.-2, and K.H.

The circuit court held an adjudicatory hearing in January of 2017, during which petitioner stipulated to the allegations contained in the petition. The circuit court granted petitioner a post-adjudicatory improvement period. Per the circuit court's subsequent adjudicatory order, petitioner was adjudicated as an abusing parent in regard to all four children.

In September of 2017, the circuit court held a dispositional hearing. Petitioner failed to appear but was represented by counsel, who advised the circuit court that he had not heard from petitioner for a few weeks as she had been admitted to Highland Hospital. Counsel for petitioner requested a continuance so that petitioner could complete a rehabilitation program or provide negative drug screens. A Court Appointed Special Advocates ("CASA") representative proffered that petitioner appeared at the last multidisciplinary team meeting via telephone because she was admitted to Highland Hospital after using an illegal substance for six days straight and had "flipped out." The CASA representative stated that petitioner then underwent a mental hygiene assessment and treatment. Petitioner had since been released but failed to contact either the DHHR or CASA. The circuit court denied petitioner's counsel's request for a continuance, noting that petitioner also failed to attend a prior hearing in August of 2017. A DHHR report and a CASA report were submitted into evidence. The DHHR proffered that petitioner had been noncompliant with the terms of her post-adjudicatory improvement period, had not provided drug screens, and had not kept in contact with the DHHR. As such, the DHHR did not believe that there was a substantial likelihood of change for petitioner. The circuit court found that this was petitioner's third abuse and neglect proceeding and that her custodial rights had previously been terminated. Further, while petitioner remained drug-free for a time throughout the improvement period, she subsequently relapsed and then failed to participate in services. As such, the circuit court found that she had not completed her post-adjudicatory improvement period. The circuit court found that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future and that termination was necessary for the children's welfare. It is from the October 11, 2017, dispositional order terminating her parental rights that petitioner appeals.[2]

The Court has previously established the following standard of review in cases such as this:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a

---

[2]The circuit court also terminated the parental rights of the father of S.H.-1, S.H.-2, and K.H. during the proceedings below. According to the guardian, these children are currently placed with a non-adoptive foster family while the DHHR searches for a suitable permanent placement, as the permanency plan is adoption. The father of S.R. is a non-abusing parent and the permanency plan for S.R. is to remain in the care of his father.

reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in adjudicating her as an abusing parent with regard to S.R. Specifically, petitioner argues that the petition did not contain allegations of abuse regarding S.R. Therefore, because she only stipulated to the allegations in the petition, she argues that the circuit court should not have adjudicated her as an abusing parent with regard to S.R. However, a review of the record indicates that petitioner did not object to the circuit court's order finding that S.R. was an abused child, nor did she otherwise seek to dismiss the petition in regard to that child for failure to adequately allege abuse and/or neglect. As such, petitioner has waived her right to raise this issue on appeal. *See State v. Jessie*, 225 W.Va. 21, 27, 689 S.E.2d 21, 27 (2009) ( "This Court's general rule is that nonjurisdictional questions not raised at the circuit court level will not be considered to the first time on appeal."). Accordingly, the Court finds that petitioner is entitled to no relief in this regard.

Petitioner next argues that the circuit court erred in terminating her parental rights. Specifically, petitioner argues that there was no evidence submitted that she abused and neglected S.H.-1, S.H.-2, and K.H. after the termination of her custodial rights in 2012. We disagree. Petitioner stipulated to the allegations of abuse and neglect in the current proceedings. Therefore, there was sufficient evidence upon which to find that she had abused and neglected the children after her custodial rights were terminated. Moreover, pursuant to West Virginia Code § 49-4-604(b)(6), circuit courts are directed to terminate parental rights upon findings that there is no reasonable likelihood the conditions of abuse and neglect can be substantially corrected in the near future and when necessary for the children's welfare. West Virginia Code § 49-4-604(c)(3) clearly indicates that a situation in which there is no reasonable likelihood the conditions of abuse and neglect can be substantially corrected includes one in which

[t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare or life of the child . . . .

The record demonstrates that there was sufficient evidence upon which to terminate petitioner's parental rights. The DHHR proffered that petitioner stopped complying with services after July of 2017, including drug screening and adult life skills and individualized parenting classes. A CASA representative proffered that petitioner abused drugs for six days straight such

that she was hospitalized after she "flipped out." After her release, petitioner contacted neither the DHHR nor CASA. Further, the guardian, the DHHR, and CASA submitted reports into evidence substantiating petitioner's failure to sufficiently comply with her improvement period and their determination that termination of petitioner's parental rights was in the children's best interests. Petitioner intentionally chose not to attend either her last review hearing or the dispositional hearing. We have previously held that

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, W. Va.Code [§] 49-6-5 [now West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under W. Va.Code [§] 49-6-5(b) [now West Virginia Code § 49-4-604(c) ] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W.Va. 558, 712 S.E.2d 55 (2011). Clearly, there was sufficient evidence to find that there was no reasonable likelihood that petitioner could correct the conditions of abuse and neglect in the near future and termination was necessary for the children's welfare. As mentioned above, circuit courts are directed to terminate parental rights upon such findings.

Additionally, petitioner argues that the circuit court erred in failing to consider S.R.'s wishes regarding the termination of petitioner's parental rights when he was over the age of fourteen. Pursuant to West Virginia Code § 49-4-604(b)(6)(C), at disposition, circuit courts must consider the wishes of "a child fourteen years of age or older or otherwise of an age of discretion as determined by the court[.]" While petitioner argues that the circuit court did not consider S.R.'s wishes, she cites to nothing in the record suggesting that S.R. desired petitioner's parental rights to remain intact. To the extent petitioner argues that the child was not asked his preference, we find no objection on this ground in the record below.[3] As noted above, this Court will not consider issues raised for the first time on appeal.

Lastly, this Court reminds the circuit court of its duty to establish permanency for the children. Rule 39(b) of the Rules of Procedure for Child Abuse and Neglect Proceedings requires:

> At least once every three months until permanent placement is achieved as defined in Rule 6, the court shall conduct a permanent placement review conference, requiring the multidisciplinary treatment team to attend and report as to progress and development in the case, for the purpose of reviewing the progress in the permanent placement of the child.

---

[3]While we find that petitioner is not entitled to relief in this regard because she did not object during the proceedings below, we admonish the guardian to speak with children in abuse and neglect proceedings who are over the age of fourteen in order to ascertain their wishes regarding disposition pursuant to West Virginia Code § 49-4-604(b)(6)(C).

Further, this Court reminds the circuit court of its duty pursuant to Rule 43 of the Rules of Procedure for Child Abuse and Neglect Proceedings to find permanent placement for children within twelve months of the date of the disposition order. As this Court has stated,

> [t]he [twelve]-month period provided in Rule 43 of the West Virginia Rules of Procedures for Child Abuse and Neglect Proceedings for permanent placement of an abused and neglected child following the final dispositional order must be strictly followed except in the most extraordinary circumstances which are fully substantiated in the record.

*Cecil T.*, 228 W.Va. at 91, 717 S.E.2d at 875, Syl. Pt. 6. Moreover, this Court has stated that

> [i]n determining the appropriate permanent out-of-home placement of a child under W.Va.Code § 49-6-5(a)(6) [1996] [now West Virginia Code § 49-4-604(b)(6)], the circuit court shall give priority to securing a suitable adoptive home for the child and shall consider other placement alternatives, including permanent foster care, only where the court finds that adoption would not provide custody, care, commitment, nurturing and discipline consistent with the child's best interests or where a suitable adoptive home can not be found.

Syl. Pt. 3, *State v. Michael M.*, 202 W.Va. 350, 504 S.E.2d 177 (1998). Finally, "[t]he guardian ad litem's role in abuse and neglect proceedings does not actually cease until such time as the child is placed in a permanent home." Syl. Pt. 5, *James M. v. Maynard*, 185 W.Va. 648, 408 S.E.2d 400 (1991).

For the foregoing reasons, we find no error in the decision of the circuit court, and its October 11, 2017, order is hereby affirmed.

Affirmed.

**ISSUED**: April 9, 2018

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker